**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DONALD HAROLD**,

    Plaintiff,

vs.                              No. **CIV 03-1191MCA/RHS**

**WAL-MART STORES, INC.,
DYNACRAFT INDUSTRIES, INC.** and
**JOHN AND JANE DOES I-V,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Donald Harold's *Motion for Remand* [Doc. 4], filed October 17, 2003; *Plaintiff's Motion to Amend Complaint and Motion for Reimbursement of Expert Inspection Expenses* [Doc. 31], filed May 20, 2004; *Defendant Dynacraft Industries' Motion to Exclude the Testimony of Voyko Banjac, Ph.D.* [Doc. 42], filed July 21, 2004; *Defendant Dynacraft Industries' Motion for Summary Judgment on Plaintiff's Complaint* [Doc. 44], filed July 21, 2004; Defendant *Wal-Mart's Motion for Summary Judgment and Supporting Memorandum* [Doc. 47], filed August 5, 2004; and *Wal-Mart's Motion to Exclude the Opinions and Testimony of Plaintiff's Expert and Supporting Memorandum* [Doc. 50], filed August 10, 2004. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that this case does not satisfy the statutory requirements for subject-matter jurisdiction and must be remanded to the Fourth Judicial District Court, County of San

Miguel, State of New Mexico.

## I. BACKGROUND

On September 15, 2003, Plaintiff Donald Harold, a resident of Bernalillo County, New Mexico, filed the underlying *Complaint for Negligence, Products Liability and Intentional Spoliation of Evidence Resulting in Personal Injury* against Defendants Wal-Mart Stores, Inc., Dynacraft Industries, Inc. and John and Jane Does I-V in the Fourth Judicial Court, County of San Miguel, State of New Mexico. [Doc. 1, Exh. B at 1]. Harold alleged that he sustained a severe wrist injury when the handlebars of a bicycle distributed by Dynacraft, assembled by the Doe Defendants, and sold by Wal-Mart suddenly and unexpectedly collapsed or twisted beneath him, causing him to fall to the pavement while riding to work. [Id. at 2]. According to Harold, his damages include past and future medical expenses; lost earnings and job-related benefits; pain and suffering; disfigurement; loss of enjoyment of life; and emotional distress. [Id.].

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Dynacraft, with Wal-Mart's written consent, timely removed the action to the United States District Court for the District of New Mexico. [Doc. 1]. Dynacraft argues that complete diversity of citizenship existed between and among the parties, as Harold is a citizen of New Mexico; Wal-Mart is a Delaware corporation; and Dynacraft is a Massachusetts corporation. [Id. at 1]. Dynacraft further states that it "has a good faith basis for asserting the matter in controversy exceeds the sum or value of $75,000 based on Plaintiff's claims for damages for past and future medical expenses, economic damages, pain and suffering, disfigurement, loss of enjoyment of life,

and emotional distress." [Id. at 2].

Harold now moves to remand the matter to state court on the ground that discovery ultimately will reveal that the Doe Defendants are citizens of New Mexico, thus defeating diversity jurisdiction. [Doc. 4 at 2]. Dynacraft responds that removal was proper because "[t]he black-letter rule is that the citizenship of defendants sued under fictitious names is disregarded for purposes of determining removal jurisdiction." [Doc. 11 at 2]. Wal-Mart also opposes remand, adopting by reference the arguments advanced by Dynacraft. [see Doc. 10].

## II. ANALYSIS

### A. Removal and Remand

#### 1. Diversity of Citizenship

Pursuant to 28 U.S.C. § 1332, "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states that

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district Court of the United States for the district and division embracing the place where such action is pending. **For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.**

28 U.S.C. § 1441(a) (emphasis added).

Counsel for Harold asserts that he can locate no reported decision or find anything in the plain language of § 1441(a) to support the conclusion "that diversity jurisdiction can be deemed to exist because John Doe defendants who are residents of the same State as the Plaintiff have not yet been specifically identified." [Doc. 4 at 2]. The Doe Defendants in this case, however, have not been shown to be residents of the same state as Plaintiff. [Id. at 1-2]. In a case where the true identities of fictitious defendants John Doe and Richard Roe were not discovered until after the matter had been removed to the United States District Court for the District of Puerto Rico, the First Circuit held that the district court correctly assessed diversity of citizenship as it appeared at the time of removal, explaining that

> There was complete diversity between the parties . . . when [Defendant] removed the case to federal court: [Plaintiff] is a Puerto Rico corporation, and [Defendant] was incorporated in California and maintains its principal place of business in New Jersey. That the fictitious defendants, John Doe and Richard Roe, might reside in Puerto Rico—as suggested by [Plaintiff] in the original complaint—was properly disregarded under 28 U.S.C. § 1441(a) . . . .

Casas Office Mach., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 673 (C.A.1 1994). Only when John Doe and Richard Roe were identified as and replaced with Puerto Rico corporations was complete diversity destroyed and federal subject-matter jurisdiction defeated. Id. In the instant case, because at the time pertinent to Dynacraft's removal petition the citizenship of the Doe Defendants was unknown, the fact that they may ultimately be revealed to be residents of the state of New Mexico is of no consequence for

4

purposes of removal. See id.; 28 U.S.C. § 1441(a). Accordingly, removal is not frustrated for the reason set forth by Harold.

### 2. Amount in Controversy

Notwithstanding the foregoing, the Court concludes that this matter must be remanded to the state court from which it was removed. In addition to complete diversity of citizenship of the parties, the amount in controversy must exceed $75,000 in order for a federal district court to exercise jurisdiction. See 28 U.S.C. § 1332(a). Subject-matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings. If the parties fail to raise the question of the existence of jurisdiction, this Court has an obligation to raise and resolve the matter. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (quotations omitted). Indeed, "the rule . . . is inflexible and without exception, which requires [a] court, of its own motion, to deny its jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record." Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites, 456 U.S. 694, 702 (1982) (quotation omitted).

Amount in controversy normally is determined by the allegations in the complaint or, where they are not dispositive, by those included in the notice of removal. Laughlin, 50 F.3d at 873 (internal citation omitted). When neither document suffices, the Court may look to other relevant materials in the record at the time of removal. See id. In the case of an action originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir.

2001). "The same is not true, however, when the case has been removed from state court." Id. In such a case, the defendant's claim as to the amount in controversy does not enjoy the same presumption of accuracy as does the plaintiff's. Additionally, where the plaintiff has failed to specify damages, the defendant bears the burden of proving amount in controversy by a preponderance of the evidence. Id. at 1289-90. Bare allegations that the amount exceeds the jurisdictional minimum are insufficient; rather, the removing party must set forth the underlying facts supporting the assertion that the $75,000 floor has been met. See Laughlin, 50 F.3d at 873.

On the other hand, in its attempt to determine amount in controversy, the Court may not ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal. Hanna v. Miller, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001). The Court may look, for example, to (1) the substance and nature of the injuries and damages described in the pleadings; (2) attorney affidavits filed prior to or in connection with the removal notice; and (3) a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or the plaintiff's refusal to admit that he or she is not seeking damages in excess of the statutory minimum. Id. at 1305. Still, because of the presumption against removal jurisdiction, removal statutes are construed narrowly, with uncertainties concerning federal jurisdiction resolved in favor of remand to state court. Martin, 251 F.3d at 1289-90 (internal quotation omitted).

The action in Hanna arose out of a serious traffic accident during which a semi-tractor trailer collided with the rear of a passenger van. Hanna, 163 F.3d at 1303. Three van

passengers were instantly killed, two later died as a result of injuries sustained in the accident, and the surviving passengers lived with a variety of serious injuries. A cross-complaint filed by the van driver and his wife alleged that the driver sustained severe injuries that led to permanent impairment, and sought past, current and future medical expenses as well as damages for (1) past and continuing pain and suffering; (2) mental anguish; (3) loss of enjoyment of life; (4) loss of society with immediate family members; and (5) lost wages, both past and future. Id. at 1306. The driver's wife sought damages for loss of consortium and loss of household services. The cross-complaint also stated a specific claim for punitive damages. Id. The court concluded that the defendant's stated belief that damages were likely to exceed $75,000, when considered in conjunction with "the detailed allegations" set forth in the cross-complaint, sufficed to demonstrate that the amount in controversy exceeded the statutory minimum and, thus justifying removal jurisdiction. Id. at 1306-07.

    By contrast, the Court in this case is not persuaded that Dynacraft has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. See Martin, 251 F.3d at 1289-90. Aside from Dynacraft's "good faith basis" for believing that the amount in controversy exceeds $75,000, there is only the allegation that, while riding his bicycle, "Plaintiff fell to the street and severely injured his left wrist [, consequently] incurr[ing] damages including past and future medical expenses, lost earnings and job related benefits, pain and suffering, disfigurement, loss of enjoyment of life and emotional distress." [Doc. 1, Exh. B at 2]. In determining amount in controversy, the Court is limited to considering only those facts known to it at the time of removal. See Hanna, 163

F.Supp.2d at 1305. Of the factors with respect to which Hanna permits review, the Court has only a general description of the substance and nature of Harold's injuries and damages. There are no attorney affidavits, no acknowledgment by Harold that his claim exceeds the jurisdictional minimum, and no admission by him that he is not seeking damages in excess of $75,000. See id. In light of the presumption against removal jurisdiction and the mandate to federal district courts to resolve uncertainties surrounding that jurisdiction in favor of remand, the Court remands this matter to the state court from which it was removed.

**IT IS, THEREFORE, ORDERED** that Plaintiff Donald Harold's *Motion for Remand* [Doc. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Amend Complaint and Motion for Reimbursement of Expert Inspection Expenses* [Doc. 31] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that *Defendant Dynacraft Industries' Motion to Exclude the Testimony of Voyko Banjac, Ph.D.* [Doc. 42] is **DENIED** as moot.

**IT IS FURTHER ORDERED** *Defendant Dynacraft Industries' Motion for Summary Judgment on Plaintiff's Complaint* [Doc. 44] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant *Wal-Mart's Motion for Summary Judgment and Supporting Memorandum* [Doc. 47] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant *Wal-Mart's Motion to Exclude the Opinions and Testimony of Plaintiff's Expert and Supporting Memorandum* [Doc. 50] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action be and hereby is remanded to the Fourth Judicial District Court, County of San Miguel, State of New Mexico pursuant to 28 U.S.C. § 1447(c), each party to bear its own costs and attorneys' fees.

**SO ORDERED** this 29 th day of September, 2004, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge